UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

DEBBIE HAYWARD,
    Plaintiff,

-vs.-                                                    Case No.1:11-cv-1265
                                                          Hon. Judge Neff

R.M. GALICIA, INC.,
a/k/a PROGRESSIVE MANAGEMENT SYSTEMS,
    Defendant.

_____

**PLAINTIFF'S RESPONSE TO MOTION TO TRANSFER VENUE**

**NOW COMES** Plaintiff, Debbie Hayward, by and through her attorneys, Nitzkin & Associates, and for her Response to Defendant's Motion to Transfer Venue, hereby respectfully requests that this Honorable Court deny the Motion, since transferring this matter to the Central District of California, Western Division, would not serve the parties' convenience, the witnesses' convenience, or promote the interests of justice.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Order denying Defendant's Motion because transferring this matter to the Central District of California, Western Division, would not serve the parties' convenience, the witnesses' convenience, or promote the interests of justice for the reasons stated above.

                                                     Respectfully submitted,

                                                     **NITZKIN & ASSOCIATES**

                                                     By:  /s/ Gary Nitzkin
                                                     Gary Nitzkin (P41155)
                                                     Attorneys for Plaintiff
                                                     NITZKIN & ASSOCIATES
                                                     22142 West Nine Mile Road
                                                     Southfield, Michigan 48033
                                                     T: (248) 353-2882

F: (248) 353-4840
E: gnitzkin@creditor-law.com

Dated: April 18, 2012

**Proof of Service**

I, Gary Nitzkin hereby state that on  4/25/2012  I served a copy of the within pleading upon all counsel of record via the court's CM/ECF System

/s/ Gary Nitzkin

## TABLE OF CONTENTS

Plaintiff's Response to Defendant's Motion to Transfer Venue to the United States District Court for the Eastern District of Wisconsin……………………………………………………….......1

    Proof of Service……………………………………………………………………………...2

    Table of Contents……………………………………………………………………………3

    Index of Authorities…………………………………………………………………………4

Brief in Support of Response to Defendant's Motion to Transfer Venue ……………...…..……..5

    Factual Background…………………………………………………………………………5

    Law and Argument…………………………………………………………………………5

    Conclusion…………………………………………………………………………….....…8

# INDEX OF AUTHORITIES

**Cases**

*Thomas v Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934 (2001)......................5

*United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)...............5

*Rowe v Chrysler Corp.*, 520 F. Supp. 15, 16 (E.D. Mich. 1981)........................6

*International Union, U.A.W. v. Aluminum Co. of Am.*, 875 F. Supp. 430 (N.D. Ohio 1995)........6

*Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393 (E.D. Mich. 1994)......................6

*Brandon Apparel Group, Inc. v. Quitman Mfg. Co., Inc.*, 42 F. Supp. 2d 821 (N.D. Ill. 1999).....6

*Farrior v George Weston Bakeries Distribution, Inc.*, 2009 U.S. Dist. LEXIS 2636, *6 (E.D.N.Y. Jan 15, 2009).............................7

*DiStefano v Carozzi North America, Inc.*, 2002 U.S. Dist. LEXIS 23042 (E.D.N.Y. Nov. 16, 2002).............................7

*Blumenthal v Management Assistance, Inc.*, 480 F. Supp. 470 (N.D. Ill. 1979)...................8


**Statutes**

15 U.S.C. 1692 *et seq*..............................................5

28 U.S.C. § 1404(a)................................................5

15 U.S.C. 1692k(a)(3)..............................................8


**Rules**

Fed. R. Civ. P. 45................................................7

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE
## TO MOTION TO TRANSFER VENUE

### I.   FACTUAL BACKGROUND

This lawsuit arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA"), while attempting to collect a consumer type debt allegedly owed by Plaintiff for a hospital bill. Defendant, a California Corporation, sought, and was granted, authorization to transact business in Michigan in 2000, and has maintained a registered agent and registered office in Michigan ever since. (Exhibit 1).

On or about October 10, 2011, Pam Wheeler, who holds Plaintiff's power of attorney, faxed a letter to the Defendant, on behalf of the Plaintiff, instructing it to cease and desist having any further communication with the Plaintiff in connection with its efforts to collect the debt. The letter also directed the Defendant to stop calling both Plaintiff and Ms. Wheeler.

Nevertheless, Defendant continued to call Ms. Wheeler on October 26, 2011, October 27, 2011, October 28, 2011 November 3, 2011 and November 17, 2011. Defendant failed to state that it is a debt collector in these voice messages left for Ms. Wheeler, and failed to identity its company name in one of the messages.

Defendant now seeks to transfer this case to the Central District of California, Western Division, which is opposed by Plaintiff.

### II.   LAW AND ARGUMENT

This Honorable Court may transfer a civil action to "any other district or division where it might have been brought," pursuant to 28 U.S.C. § 1404(a). *Thomas v Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934 (2001) (citing *United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)). When deciding a motion to transfer venue, "the Court must determine

5

whether: (1) the action could have been brought in the proposed transferee-court; (2) a transfer would promote the interests of justice; and (3) a transfer would serve the parties' and witnesses' convenience." *P.J. Dick, Inc.*, 79 F. Supp. 2d 805-06. The moving party bears the burden of demonstrating that "fairness and practicality strongly favor the forum to which transfer is sought by a preponderance of the evidence, in light of the three factors set forth above. *Rowe v Chrysler Corp.*, 520 F. Supp. 15, 16 (E.D. Mich. 1981); *International Union, U.A.W. v. Aluminum Co. of Am.*, 875 F. Supp. 430, 433 (N.D. Ohio 1995).

When determining whether a transfer would promote the interests of justice and serve the parties' and witnesses' convenience, a court must weigh: (1) the parties' convenience; (2) the witnesses' convenience; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical difficulties associated with trying the case quickly and inexpensively; and (7) the interests of justice. *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994). Here, this Honorable Court should deny the Defendant's Motion because transferring this matter to the Central District of California, Western Division, would not serve the parties' convenience, the witnesses' convenience, or promote the interests of justice.

Plaintiff chose the Western District of Michigan as the forum for the instant lawsuit. Courts grant substantial deference to a plaintiff's chosen forum, when examining the parties' convenience. *Thomas*, 131 F. Supp. 2d 934 (citing *Brandon Apparel Group, Inc. v. Quitman Mfg. Co., Inc.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999)). This jurisdiction is Plaintiff's chosen forum, which weighs against Defendant's motion. Here, Plaintiff chose the Western District of Michigan as the forum for her lawsuit. Accordingly, substantial deference should be given to

6

Plaintiff's choice of the Western District of Michigan, since she chose this District as the forum for her lawsuit which is presumed to be convenient.

Transfer would not convenience the parties by easing access to sources of proof. The location of relevant documentary evidence is not a significant factor when deciding whether a transfer of venue is appropriate "given the technological age in which we live, with the widespread use of . . . electronic document production." *Farrior v George Weston Bakeries Distribution, Inc.*, 2009 U.S. Dist. LEXIS 2636, *6 (E.D.N.Y. Jan 15, 2009) (attached as Exhibit C). The location of documents is a neutral factor in today's world of faxing, scanning, and emailing documents. *DiStefano v Carozzi North America, Inc.*, 2002 U.S. Dist. LEXIS 23042 (E.D.N.Y. Nov. 16, 2002) (attached as Exhibit D). Accordingly, little weight should be given to the location of relevant documentary evidence, as the parties are fully capable of producing documentary evidence through electronic means.

In addition, transfer would not convenience the witnesses in this matter. The only non-party witness likely to offer testimony in this matter is Pam Wheeler, Plaintiff's power of attorney holder. Ms. Wheeler resides in Alamosa, Colorado, located in the District of Colorado. If this matter is transferred to the Central District of California, Ms. Wheeler, the only non-party witness, would remain outside of the 100-mile bulge. See Fed. R. Civ. P. 45. Accordingly, the Central District of California would be no more convenient of a venue than the District of Colorado. Further, the Defendant has failed to provide the names or outline what material testimony each witness would provide, and only when a court "is armed with such information can it properly assess the convenience of the witnesses." *Thomas*, 131 F. Supp. 2d 934. Defendant bears the burden of demonstrating that "fairness and practicality strongly favor the forum to which transfer is sought by a preponderance of the evidence," in light of the three

factors set forth above. *Rowe*, 520 F. Supp. 16; *International Union, U.A.W.*, 875 F. Supp. 433. Defendant has not carried this burden.

While inconvenience to a lawyer, by itself, is not relevant to the Court's analysis, it may consider inconvenience to a lawyer where it bears directly on litigation costs. *Id.* (citing *Blumenthal v Management Assistance, Inc.*, 480 F. Supp. 470, 474 (N.D. Ill. 1979)). Plaintiff's lawsuit is brought under the FDCPA, which provided reasonable attorney's fees and cost to prevailing plaintiffs. 15 U.S.C. 1692k(a)(3). If Plaintiff's counsel is required to travel to and from California to appear in this matter, if transferred, Plaintiff will incur considerable attorney's fees and cost related to travel. Defendant must be prepared to pay those fees and cost if Plaintiff prevails. The practical implication of increased attorney's fees and costs is that they will likely impair settlement by increasing Plaintiff's settlement demands on account of increased attorney's fees and costs related to travel; which would not serve the interest of justice.

### III. CONCLUSION

Defendant bears the burden of demonstrating that "fairness and practicality strongly favor the forum to which transfer is sought by a preponderance of the evidence." *Rowe*, 520 F. Supp. 16; *Aluminum Co. of Am.*, 875 F. Supp. 433. Defendant has failed to carry that burden for the reasons set forth above.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Order denying Defendant's Motion because transferring this matter to the Central District of California, Western Division, would not serve the parties' convenience, the witnesses' convenience, or promote the interests of justice for the reasons stated above.

        Respectfully submitted,

        **NITZKIN & ASSOCIATES**

        By: /s/ Gary Nitzkin
        Gary Nitzkin (P41155)
        Attorneys for Plaintiff
        NITZKIN & ASSOCIATES
        22142 West Nine Mile Road
        Southfield, Michigan 48033
        T: (248) 353-2882
        F: (248) 353-4840
        E: gnitzkin@creditor-law.com

Dated: April 18, 2012

# Exhibit 1



MICHIGAN.GOV
Michigan's Official Web Site

Michigan.gov Home | LARA Home | Sitemap | Contact | Online Services | Agencies

## CORPORATE ENTITY DETAILS

**Searched for:** R. M. GALICIA INC.

**ID Num:** 637341

Assumed Names

**Entity Name:** R. M. GALICIA INC.
**Type of Entity:** Foreign Profit Corporation
**Resident Agent:** CSC-LAWYERS INCORPORATING SERVICE (COMPANY)
**Registered Office Address:** 601 ABBOT ROAD EAST LANSING MI 48823
**Mailing Address:** MI

**Formed Under Act Number(s):**

**Incorporation/Qualification Date:** 2-23-2000
**Jurisdiction of Origin:** CALIFORNIA
**Number of Shares:** 20,000

**Year of Most Recent Annual Report:** 11
**Year of Most Recent Annual Report With Officers & Directors:** 09
**Status:** ACTIVE **Date:** Present

View Document Images

Return to Search Results        New Search

Michigan.gov Home | LARA Home | LARA Contact | State Web Sites
Privacy Policy | Link Policy | Accessibility Policy | Security Policy

Copyright © 2001- 2012 State of Michigan

# *Michigan Department of Consumer and Industry Services*

## *Filing Endorsement*

This is to Certify that the APPLICATION FOR CERTIFICATE OF AUTHORITY

for

R. M. GALICIA INC.

ID NUMBER: 637341

received by facsimile transmission on February 23, 2000 is hereby endorsed

Filed on February 23, 2000 by the Administrator.

The document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.



In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 23rd day of February, 2000.

, Director

Corporation, Securities and Land Development Bureau

MICHIGAN DEPARTMENT OF CONSUMER & INDUSTRY SERVICES
CORPORATION, SECURITIES AND LAND DEVELOPMENT BUREAU

| Date Received | (FOR BUREAU USE ONLY) |
|---|---|
|  | This document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document. |

| Name |
|---|
| R.M.Galicia Inc. |
| Address |
| 1521 W Cameron Ave 1st Floor |
| City / State / Zip Code |
| West Covina, CA 91790 |

EFFECTIVE DATE:

↪ Document will be returned to the name and address you enter above. ↩
If left blank document will be mailed to the registered office.

# APPLICATION FOR CERTIFICATE OF AUTHORITY
## TO TRANSACT BUSINESS OR CONDUCT AFFAIRS IN MICHIGAN
### For use by Foreign Corporations
(Please read information and instructions on the last page)

*Pursuant to the provisions of Act 284, Public Acts of 1972 (profit corporations), or Act 162, Public Acts of 1982 (nonprofit corporations), the undersigned corporation executes the following Application:*

1. The name of the corporation is:

   R. M. Galicia Inc.

2. (Complete this item only if the corporate name in item 1 is not available for use in Michigan.)
   The assumed name of the corporation to be used in all its dealings with the Bureau and in the transaction of its business or the conducting of its affairs in Michigan is:

3. It is incorporated under the laws of ___California___. The date of its incorporation is ___November 15, 1983___, and the term of its existence if other than perpetual is_____

4. a. The address of the main business or headquarters office of the corporation is:

   1521 W Cameron Ave 1st Floor   West Covina,   CA   91790
   (Street Address)                (City)         (State) (ZIP Code)

   b. The mailing address if different than above is:
   Same
   (Street Address)                (City)         (State) (ZIP Code)

| 30600 Telegraph Rd Bingham Farms | | Michigan | 48025 |
|---|---|---|---|
| (Street Address) | (City) | | (ZIP Code) |

The mailing address of the registered office in Michigan if different than above is:

| Same | | Michigan | |
|---|---|---|---|
| (Street Address or P.O. Box) | (City) | | (ZIP Code) |

The name of the resident agent at the registered office is: __CT Corporation System__

The resident agent is an agent of the corporation upon whom process against the corporation may be served.

---

6. The **specific** business or affairs which the corporation is to transact or conduct in Michigan is as follows:

    Collection Agency

    The corporation is authorized to transact such business in the jurisdiction of its incorporation.

---

7. (To be completed by profit corporations only)

    The total authorized shares of the corporation are: __20,000__

---

8. If the applicant is a trust please specify any powers or privileges possessed by the trust that are not possessed by an individual or a partnership.

---

Signed this __22nd__ day of __February__ __2000__.

By _____
(Signature of Authorized Officer or Agent)

__Rodolfo Galicia, President__
(Type or Print Name)



# SECRETARY OF STATE

## CERTIFICATE OF STATUS
## DOMESTIC CORPORATION

I, BILL JONES, Secretary of State of the State of California, hereby certify:

That on the **15TH day of NOVEMBER, 1983, R.M. GALICIA, INC.** became incorporated under the laws of the State of California by filing its Articles of Incorporation in this office; and

That no record exists in this office of a certificate of dissolution of said corporation nor of a court order declaring dissolution thereof, nor of a merger or consolidation which terminated its existence; and

That said corporation's corporate powers, rights and privileges are not suspended on the records of this office; and

That according to the records of this office, the said corporation is authorized to exercise all its corporate powers, rights and privileges and is in good legal standing in the State of California; and

That no information is available in this office on the financial condition, business activity or practices of this corporation.



IN WITNESS WHEREOF, I execute this
certificate and affix the Great Seal
of the State of California this day
of February 22, 2000.

BILL JONES
Secretary of State

NP-24 A (Rev. 1-96)                                                     OSP 99 21639